1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                * * *
9   NATIONSTAR MORTGAGE, LLC,          Case No. 2:15-cv-01705-MMD-NJK
10                         Plaintiff,              ORDER
        v.
11                                         (Def.'s Motion to Stay – ECF No. 98)
    SFR INVESTMENTS POOL 1, LLC;
12  AUGUST BELFORD AND ELLINGWOOD
    HOMEOWNERS ASSOCIATION; DOE
13  INDIVIDUALS I-X, inclusive, and ROE
    CORPORATIONS I-X, inclusive,
14
                         Defendants.
15
16
17       This case arises out of a homeowner association's ("HOA") foreclosure and

18  involves the notice provisions applicable to foreclosure sales under Nevada Revised

19  Statutes ("NRS") Chapter 116. Before the Court is Defendant SFR Investments Pool 1,

20  LLC's ("SFR") Motion to Stay. (ECF No. 98.) Plaintiff Nationstar Mortgage, LLC

21  ("Nationstar") has opposed (ECF No. 100), and SFR has replied (ECF No. 101).

22       A district court has discretionary power to stay proceedings in its own court. *Landis*

23  *v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is

24  efficient for its own docket and the fairest course for the parties to enter a stay of an action

25  before it, pending resolution of independent proceedings which bear upon the case."

26  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding

27  whether to grant a stay, courts should consider "the possible damage which may result

28  from the granting of a stay, the hardship or inequity which a party may suffer in being

required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. (ECF No. 68 at 2 (citing Nev. S. Ct. Case No. 72931).) NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS § 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS §

107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). SFR contends that the HOA provided such notice in this case. (*See* ECF No. 85 at 5.)

Nationstar first opposes SFR's motion on the ground that the Court can enter judgment based on tender alone. (ECF No. 100 at 4.) However, the Court must disregard the fact of tender if the statute under which the sale proceeded is facially unconstitutional, as it is under *Bourne Valley. See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *5 (D. Nev. Sept. 29, 2017). Accordingly, the Court cannot enter judgment based on tender alone.

Nationstar next opposes SFR's motion on the ground that NRS Chapter 116 is unconstitutional even if NRS § 107.090 is incorporated. (ECF No. 100 at 5.) While the constitutionality of NRS § 107.090 is a serious issue that the parties will no doubt dispute if the Nevada Supreme Court holds that NRS § 107.090 is incorporated, that issue is not presently before this Court. *See Clinton v. Jones*, 520 U.S. 681, 690 (1997) ("[W]e have often stressed the importance of avoiding the premature adjudication of constitutional questions.").

Nationstar further opposes SFR's motion on the ground that Nationstar "continues to be damaged by SFR's assertion that it holds clear title." (ECF No. 100 at 5.) Nationstar contends that it "cannot proceed with foreclosure" and that it is "required to pay taxes and insurance charges on its defaulting borrowers' behalf to protect its interest" while "SFR continues to collect rent." (*Id.*) Nevertheless, any damage to Nationstar from a stay will be outweighed by the fees that all parties will surely incur from continued litigation—the Nevada Supreme Court's decision could moot a decision by this Court. Until there is

finality on the issue of whether NRS § 116.31168 incorporates NRS § 107.090, a stay will benefit the parties and conserve judicial resources.

It is therefore ordered that SFR's Motion to Stay (ECF No. 98) is granted. This action is temporarily stayed until resolution of the certified question in Nev. S. Ct. Case No. 72931. The stay will be lifted upon such resolution. The parties must file a status report within five (5) days from such resolution. All pending motions (ECF Nos. 84, 85, 86, 91) are denied without prejudice and may be refiled within thirty days from the Nevada Supreme Court's decision on the certified question.

DATED THIS 26th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE