UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | Case No. 2:15-cv-01705-MMD-PAL |
| Plaintiff, | ORDER |
| v. | |
| AUGUSTA BELFORD AND ELLINGWOOD HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS 1-X, inclusive, and ROE CORPORATIONS 1-X, inclusive, | |
| Defendants. | |

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") motion for reconsideration ("Motion") (ECF No. 145) of the portion of an earlier order ("Order") (ECF No. 137) denying SFR's motion for summary judgment as moot. The Court infers that SFR seeks relief under Federal Rule of Civil Procedure 60(b), although the Motion itself does not identify any particular rule. The Court will deny the Motion for lack of jurisdiction.

The Court issued the Order on March 12, 2019, and judgment was entered the same day. (ECF Nos. 137, 138.) SFR filed a notice of appeal on April 11, 2019. (ECF No. 140.) SFR then filed the Motion on April 30, 2019. (ECF No. 145.)

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *United States v. Vroman*, 997 F.2d 627, 627 (9th Cir. 1993). The Court

thus lacks jurisdiction to consider the Motion because the notice of appeal divested this Court of jurisdiction to modify the Order.

A motion for relief under Rule 60 may prevent a notice of appeal from becoming effective, but only "if the motion is filed no later than 28 days after the judgment is entered." *See* Fed. R. App. P. 4(a)(4); *see also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir. 2002) ("Under these provisions, a notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all Rule 60(b) motions filed no later than ten (10) [now 28] days after judgment is entered."). The Motion here was filed 49 days after judgment was entered. (*See* ECF No. 138 (judgment filed March 12, 2019); ECF No. 145 (Motion filed April 30, 2019).)

Nevertheless, a party may "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion." *Sierra Pac. Indus. v. Lyng*, 866 F.2d 1099, 1113 n.21 (9th Cir. 1989). "If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." *Id.* Federal Rule of Civil Procedure 62.1 describes the process further: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Court denied SFR's motion for summary judgment as moot in the Order. (ECF No. 137 at 11.) Part of SFR's motion sought summary judgment on SFR's quiet title cross claim against the original borrowers, the Gregorios. (ECF No. 114 at 25.) The Court would grant this portion of SFR's motion if the court of appeals remanded for that purpose because SFR carried its burden of demonstrating that the foreclosure sale extinguished the Gregorios' interest in the property.

It is therefore ordered that SFR's motion for reconsideration (ECF No. 145) is denied for lack of jurisdiction. The Court issues an indicative ruling under Rule 62.1 that it

///

would grant the portion of SFR's motion seeking summary judgment on SFR's quiet title cross claim against the Gregorios if the court of appeals remands for that purpose.

DATED THIS 6th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE